ALAN HIMMELFARB - SBN 90480
KAMBEREDELSON, LLP
2757 Leonis Boulevard
Vernon, California 90058
Telephone: (323) 585-8696
ahimmelfarb@kamberedelson.com

JAY EDELSON
MICHAEL J. ASCHENBRENER
KAMBEREDELSON, LLC
350 N. LaSalle St.
Suite 1300
Chicago, IL 60654
Telephone: (312) 589-6370
Fax: (312) 589-6378
jedelson@kamberedelson.com
maschenbrener@kamberedelson.com

ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL TURNER, an individual, on behalf of himself and all others similarly situated,

    Plaintiff,

v.

STORM8, LLC, a California Limited Liability Company,

    Defendant.

Case No. CV 09 5234

COMPLAINT FOR:

(1) Computer Fraud and Abuse Act, 18 U.S.C. § 1030;
(2) California Computer Crime Law, Cal. Penal Code § 502;
(3) Cal. Bus. and Prof. Code § 17200; and
(4) Breach of Contract

DEMAND FOR JURY TRIAL

CLASS ACTION

COMPLAINT

Plaintiff, by his attorneys, upon personal knowledge as to himself and his own acts and upon information and belief as to all other matters, alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff, Michael Turner ("Plaintiff" or "Mr. Turner"), brings this class action complaint against Defendant Storm8, LLC ("Storm8" or "Defendant"), headquartered in Redwood City, California, for its practice of accessing, collecting, and transmitting without notice or consent the wireless telephone numbers of iPhone users who download Storm8's games to their iPhones via Apple's App Store.

2. Storm8 makes video games for use and play on Apple iPhone and iPod Touch wireless devices. Its games are: "World War," "iMobsters," "Racing Live," "Vampires Live," "Kingdoms Live," "Zombies Live," and "Rockstars Live." While users can play its games for free, certain versions are available for a fee, and game players have the opportunity to spend large sums of real money in both the free and paid versions in order to help advance through the games' levels.

3. The wireless telephone numbers of users' phones are not used or necessary to play any of Storm8's games, yet Storm8 has written the software for all its games in such a way that it automatically accesses, collects, and transmits the wireless telephone number of each iPhone user who downloads any Storm8 game. It does so without disclosing this to any user before or after the fact.

## PARTIES

4. Plaintiff Michael Turner is a resident of Lynnwood, Washington. He owns an iPhone and has downloaded multiple Storm8 games to his iPhone.

5. Defendant Storm8, LLC sells and distributes games through the iPhone App Store for use on iPhone and iPod Touch devices. It is a California Limited Liability Company headquartered in San Mateo County, California, at 3 Twin Dolphin Drive, Suite

COMPLAINT

2

250, Redwood City, California 94065. Storm8, LLC does business throughout the State of California and the nation.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331. This Court further has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action

7. Personal jurisdiction and Venue are proper because Storm8 is an LLC headquartered in San Mateo County and/or because the improper conduct alleged in this Complaint occurred in, was directed from, and/or emanated or exported from California.

## INTRADISTRICT ASSIGNMENT

8. Pursuant to Civil Local Rule 3-2(d), this case shall be assigned to either the San Francisco Division or the Oakland Division.

## FACTS

9. Storm8's games are known as massively multiplayer online games ("MMOs" or "MMOGs"). These games allow users to compete against each other live in real time by utilizing the wireless internet connections present in iPhone and iPod Touch devices.

10. Storm8 claims on its website that its games have been downloaded more than 20 million times and that its games are the number one role-playing games for the iPhone and iPod Touch.

11. As of November 2, 2009, five of Storm8's games ranked in the Top 50 downloaded free apps in Apple's App Store and seven of its games ranked in the Top 100 Free Apps.

COMPLAINT

3

12. Even the "free" versions of its games provide the opportunity for users to spend money in the game in order to accrue points, weapons, and other features that enhance game play.

13. As with all authorized iPhone Apps, Storm8's games are only available through Apple's App Store, which is accessible directly from iPhones and iPod Touches or via the iTunes software program, which is available on Macintosh and Windows-based computers.

14. Apple does not provide to sellers the personal information of iPhone or iPod Touch users to App Store developers, such as Storm8.

15. To make games (or any Apps, for that matter) for the iPhone and iPod Touch, developers must use the iPhone Software Development Kit ("SDK"). The iPhone SDK does not provide direct access to iPhone or iPod Touch users' personal information.

16. In fact, the Apple SDK "sandboxes" Apps, such as Storm8's games, from the global properties of iPhones and iPod Touches. In computer security-speak, a "sandbox" is a security method for separating running programs. The result is that iPhones are designed in such a way as to prevent Apps from accessing the wireless phone number of the iPhones on which they are installed.

17. There exists, however, a hidden and unauthorized method through which an App, such as a Storm8 game, is able to access the phone number of the iPhone on which it is installed.

18. Storm8, though, has no reason whatsoever to access the wireless phone numbers of the iPhones on which its games are installed.

19. Nonetheless, Storm8 makes use of this "backdoor" method to access, collect, and transmit the wireless phone numbers of the iPhones on which its games are installed. Storm8 does so or has done so in all of its games.

COMPLAINT

4

20. Storm8 does not provide any notice to consumers that it collects the wireless phone numbers of the iPhones on which its games are installed. Accordingly, Storm8 does not obtain consent or authorization from consumers before, during, or after collecting their wireless phone numbers.

21. On or about August 26, 2009, Storm8 acknowledged it had been accessing, collecting, and transmitting user phone numbers after the press reported the problem and members of the Storm8 user community brought their concerns to Storm8's attention.[1] Storm8 responded as follows:

> Thanks again for alerting us of the situation. We did have a bug that has been fixed. The updated app will need to go through the regular review process. You should expect to see it live shortly in the app store.
>
> Once again we thank you for bringing this to our attention and apologize to our users for the oversight.
>
> Regards,
>
> [Name]
>
> Storm8 Support Team

22. Storm8's characterizations of its practice of harvesting phone numbers as a "bug" and an "oversight" are false. Storm8 could not have accidentally harvested its users' phone numbers—it used very specific and specialized software code to do so.

---

[1] Please see http://www.sfgate.com/cgi-bin/blogs/ybenjamin/detail?blogid=150&entry_id=46236, http://i-phone-home.blogspot.com/2009/08/vampires-live-iphone-appstore-top25.html, http://i-phone-home.blogspot.com/2009/08/vampires-live-storm8s-response-round-2.html, and http://i-phone-home.blogspot.com/2009/08/imobsters-iphone-appstore-top25-free.html for additional details.

COMPLAINT

5

## FACTS RELATING TO PLAINTIFF

23. Mr. Turner owns an iPhone with a U.S. phone number and with wireless service provided by AT&T.

24. During the months of July 2009 and August 2009, Mr. Turner downloaded all of Storm8's games form Apple's App Store and installed them on his iPhone.

25. Mr. Turner has spent approximately $380 on Storm8 game enhancements.

26. As a result of downloading and installing Storm8's games, Storm8 harvested his wireless telephone number without notifying him or obtaining his consent.

## CLASS ALLEGATIONS

27. Plaintiff Turner brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of himself and two classes:

   a. **The Free App Class.** All individuals and entities in the United States who own or have owned an Apple iPhone, iPhone 3G, or iPhone 3GS who downloaded and installed any of Storm8, LLC's applications and whose wireless phone numbers were obtained by Storm8, LLC.

   b. **The Paid App Class.** All individuals and entities in the United States who own or have owned an Apple iPhone, iPhone 3G, or iPhone 3GS who downloaded and installed any of Storm8, LLC's applications, who paid money to Storm8, and whose wireless phone numbers were obtained by Storm8, LLC.

Excluded from the Classes are Defendant, its legal representatives, assigns, and successors, and any entity in which Defendant has a controlling interest. Also excluded is the judge to whom this case is assigned and the judge's immediate family.

28. The Classes consist of millions of individuals and other entities, making joinder impractical.

29. The claims of Plaintiff are typical of the claims of all of the other members of the Classes.

COMPLAINT

6

30. Plaintiff will fairly and adequately represent and protect the interests of the other members of the Classes. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to those of the other members of the Classes.

31. Absent a class action, most members of the Classes would find the cost of litigating their claims to be prohibitive and will have no effective remedy. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

32. Storm8 has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Classes, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes.

33. The factual and legal bases of Storm8's liability to Plaintiff and to the other members of the Classes are the same, resulting in injury to Plaintiff and all of the other members of the Classes. Plaintiff and the other members of the Classes have all suffered harm and damages as a result of Storm8's wrongful conduct.

34. There are many questions of law and fact common to the claims of Plaintiff and the other members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include but are not limited to the following:

    (a) whether Storm8's conduct described herein violates the Computer Fraud and Abuse Act;

    (b) whether Storm8's conduct described herein violates California's Computer Crime Law; and,

COMPLAINT

7

(c) whether Storm8's practices constitute unfair and deceptive acts or practices;

(d) whether Storm8's practices constitute breach of contract.

35. The questions of law and fact common to the members of the classes predominate over any questions affecting only individual members and a class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

36. Plaintiff reserves the right to revise these definitions based on facts learned in discovery.

## FIRST CAUSE OF ACTION

### Violation of 18 U.S.C. § 1030, the Computer Fraud and Abuse Act ("CFAA")

### (on behalf of Plaintiff and both Classes)

37. Plaintiff incorporates by reference the foregoing allegations.

38. Storm8 violated 18 U.S.C. § 1030(a)(5)(A)(i) by knowingly causing the transmission of a command embedded within Storm8 games downloaded from Apple's App Store to access, collect, and transmit the wireless phone numbers of its users to Plaintiff and Class members iPhones, which are protected computers as defined in 18 U.S.C. § 1030(e)(2)(B) because they are used in interstate commerce and/or communication. By accessing, collecting, and transmitting Plaintiff and Class members' wireless phone numbers, Storm8 intentionally caused damage without authorization to those iPhones by impairing the integrity of information and/or data.

39. Storm8 violated 18 U.S.C. § 1030(a)(5)(A)(iii) by intentionally accessing Plaintiff and Class members' iPhones—protected computers—without authorization, and as a result, caused damage to Plaintiff and Class members' iPhones by impairing the integrity of information and/or data.

COMPLAINT

8

40. As a result of these takings, Storm8's conduct has caused a loss to one or more persons during any one-year period aggregating at least $5,000 in value in real economic damages.

41. Plaintiff and Class members have additionally suffered loss by reason of these violations, including, without limitation, violation of the right of privacy.

42. Storm8's unlawful access to Plaintiff's iPhone has also caused Plaintiff irreparable injury. Unless restrained and enjoined, Storm8 will continue to commit such acts. Plaintiff's remedy at law is not adequate to compensate it for these inflicted and threatened injuries, entitling Plaintiff to remedies including injunctive relief as provided by § 1030(g).

## SECOND CAUSE OF ACTION

**Violation of Cal. Penal Code § 502, California's Computer Crime Law ("CCCL")**

**(on behalf of Plaintiff and both Classes)**

43. Plaintiff incorporates by reference the foregoing allegations.

44. Storm8 knowingly used data, computers, computer systems, or computer networks by accessing, collecting, and transmitting Plaintiff and Class members' wireless phone numbers in order to wrongfully control or obtain data—the phone numbers—in violation of § 502(c)(1).

45. Storm8 knowingly accessed and without permission took, copied, or made use of Plaintiff and Class members' wireless phone numbers in violation of § 502(c)(2).

46. Storm8 knowingly and without permission used or caused to be used computer services by impermissibly accessing, collecting, and transmitting Plaintiff and Class members' wireless phone numbers stored on their iPhones in violation of § 502(c)(3).

47. Storm8 knowingly and without permission provided or assisted in providing a means of accessing a computer, computer system, or computer network by creating a command that allowed it to impermissibly access, collect, and transmit Plaintiff and Class members' wireless phone numbers in violation of § 502(c)(6).

COMPLAINT

9

48. Storm8 knowingly and without permission accessed or caused to be accessed Plaintiff and Class members' iPhone computers by impermissibly accessing, collecting, and transmitting Plaintiff and Class members' wireless phone numbers in violation of § 502(c)(7).

49. Storm8 knowingly introduced a computer contaminant, as defined in § 502(b)(10), by introducing computer instructions designed to record or transmit information—Plaintiff and Class members' wireless phone numbers—on Plaintiff and Class members' iPhones without the intent or permission of the owners of that information in violation of § 502(c)(8).

50. As a direct and proximate result of Storm8's unlawful conduct within the meaning of § 502, Storm8 has caused loss to Plaintiff and Class members in an amount to be proven at trial. Plaintiff is also entitled to recover his attorneys' fees pursuant to § 502(e).

51. Plaintiff and Class members have also suffered irreparable injury from these acts, including the harvesting of their personal information (wireless phone numbers). Accordingly, Plaintiff and Class members have no adequate remedy at law, entitling them to injunctive relief.

## THIRD CAUSE OF ACTION

### Violation of Cal. Bus. Prof. Code § 17200

### (on behalf of Plaintiff and the Paid App Class)

52. Plaintiff incorporates by reference the foregoing allegations.

53. Section 17200 proscribes unfair business competition and defines this to include any unfair, unlawful, or fraudulent business practice or act.

54. Storm8 violated through its conduct alleged above, including its unlawful violations of the CFAA and the CCCL.

55. Storm8 violated including its unfair practice of covertly accessing, collecting, and transmitting the wireless phone numbers of the purchasers of its iPhone games.

COMPLAINT

10

56. Storm8, through its acts of unfair competition, has obtained money at the expense of Plaintiff and Class members by charging for the paid versions of its games and by charging for game enhancements to both the paid and free versions of its games. Plaintiff asks that this Court restore this money to Plaintiff and Class members and enjoin Storm8 from continuing its illegal practices.

## FOURTH CAUSE OF ACTION

### Breach of Contract

### (on behalf of Plaintiff and both Classes)

57. Plaintiff incorporates by reference the foregoing allegations.

58. Plaintiff and members of all Classes entered into identical agreements with Storm8 that does not allow Storm8 to collect their phone numbers by means of the "backdoor" mechanism described above.

59. Storm8 expressly and/or impliedly agreed to carry out its obligations in good faith and fair dealing.

60. Storm8 breached its contractual obligations, including its obligation of good faith and fair dealing, by accessing, collecting, and transmitting Plaintiff and Class members wireless telephone numbers as described above.

61. Plaintiff and Class members have performed their obligations under the contracts.

62. The aforementioned breaches of contract have proximately caused Plaintiffs and the Classes economic injury and other damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of themselves and the Classes, pray for the following relief:

A. Certify this case as a class action on behalf of the Classes defined above, appoint Michael Turner as class representatives, and appoint his counsel as class counsel;

B. Declare that the actions of Storm8, as set out above, violate the Computer Fraud and Abuse Act, the California Computer Crime Law, and the California Unfair Competition Law, Cal. Bus. and Prof. Code § 17200, and constitute breach of contract;

C. As applicable to the Classes *mutatis mutandis*, awarding injunctive and equitable relief including, *inter alia*: (i) prohibiting Storm8 from engaging in the acts alleged above; (ii) requiring Storm8 to disgorge all of its ill-gotten gains to Plaintiff and the other Class members, or to whomever the Court deems appropriate; (iii) requiring Storm8 to delete all data surreptitiously or otherwise collected through the acts alleged above; (iv) requiring Storm8 to provide Plaintiff and the other class members a means to easily and permanently decline any participation in any data collection activities; (v) awarding Plaintiff and Class members full restitution of all benefits wrongfully acquired by Storm8 by means of the wrongful conduct alleged herein; and (vi) ordering an accounting and constructive trust imposed on the data, funds, or other assets obtained by unlawful means as alleged above, to avoid dissipation, fraudulent transfers, and/or concealment of such assets by Storm8;

D. Award damages, including statutory damages where applicable, to Plaintiff and Class members in an amount to be determined at trial;

E. Award restitution against Storm8 for all money to which Plaintiff and the Classes are entitled in equity;

F. Restrain Storm8, its officers, agents, servants, employees, and attorneys, and those in active concert or participation with them from continued access, collection, and transmission of Plaintiff and Class members wireless telephone numbers via preliminary and permanent injunction;

G. Award Plaintiff and the Classes their reasonable litigation expenses and attorneys' fees;

H. Award Plaintiff and the Classes pre- and post-judgment interest, to the extent allowable;

I. Enter injunctive and/or declaratory relief as is necessary to protect the interests of Plaintiff and the Classes; and

J. Award such other and further relief as equity and justice may require.

## JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

Respectfully submitted,

Dated: November 4, 2009

KAMBEREDELSON, LLP

By: _____
ALAN HIMMELFARB
One of the Attorneys for Plaintiff

ALAN HIMMELFARB - SBN 90480
KAMBEREDELSON, LLP
2757 Leonis Boulevard
Vernon, California 90058
Telephone: (323) 585-8696

JAY EDELSON
MICHAEL J. ASCHENBRENER
KAMBEREDELSON, LLC
350 N. LaSalle St.
Suite 1300
Chicago, IL 60654
Telephone: (312) 589-6370
Fax: (312) 589-6378

COMPLAINT

13