SEAN P. REIS (SBN # 184044)
sreis@edelson.com
EDELSON MCGUIRE, LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, CA 92688
Telephone:  949.459.2124
Fax: 949.459.2123

MICHAEL J. ASCHENBRENER (*pro hac vice*)
maschenbrener@edelson.com
CHRISTOPHER L. DORE (*pro hac vice*)
cdore@edelson.com
EDELSON MCGUIRE, LLC
350 N. LaSalle St., Suite 1300
Chicago, IL 60654
Telephone: 312.589.6370
Fax: 312.589.6378

ATTORNEYS FOR PLAINTIFF

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TURNER, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STORM8, LLC, a California Limited Liability Company,<br><br>Defendant. | Case No. 09-cv-05234-CW<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT**<br><br>Location: Courtroom 2, 4th Floor<br>1301 Clay Street<br>Oakland, CA  94612<br>Date: July 29, 2010<br>Time: 2:00 P.M. |

1

**NOTICE OF MOTION**

2   NOTICE IS HEREBY GIVEN that the Plaintiff will move the Court, pursuant to Federal

3   Rule of Civil Procedure 23(e) to grant preliminary approval of a proposed settlement in this

4   consumer class action on July 29, 2010 at 2:00 P.M., or at such other time as may be set by the

5   Court, at 1301 Clay Street, Courtroom 2, 4th Floor, Oakland, California 94612, before the

6   Honorable Claudia Wilken.

7   The Plaintiff seeks preliminary approval of this class action settlement, certification of the

8   proposed class, and appointment of the Plaintiff and his counsel as class representatives.  The

9   Motion is based on this Notice of Motion, the Brief in Support of the Motion and the authorities

10   cited therein, oral argument of counsel, and any other matter that may be submitted at the hearing.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Table of Contents

I.     NATURE OF THE LITIGATION ........................................................................ 2

       A.  Turner's Allegations ........................................................................... 2

       B.  Summary of the Litigation, Mediation & Settlement ....................... 2

       C.  Defendant's Position ........................................................................... 3

II.    TERMS OF THE SETTLEMENT .................................................................... 4

       A.  Class Definition ................................................................................... 4

       B.  Prospective Relief ............................................................................... 4

       C.  Individual Class Member Benefits ...................................................... 4

       D.  Additional Relief ................................................................................ 5

              1.  *Payment of Notice and Administrative Fees* ............................. 5

              2.  *Compensation for the Class Representative* ............................. 5

              3.  *Payment of Attorneys' Fees and Expenses* .............................. 5

       E.  Release .................................................................................................. 5

III.   THE PROPOSED SETTLEMENT CLASS SHOULD BE CERTIFIED ................. 5

       A.  The Requirement of Numerosity Is Satisfied ................................... 6

       B.  The Requirement of Commonality is Satisfied ................................ 6

       C.  The Requirement of Typicality is Satisfied ...................................... 7

       D.  The Requirement of Adequate Representation is Satisfied ............ 7

       E.  The Proposed Settlement Class Meets the Requirements of Rule 23(b)(3) .......... 8

IV.    THE COURT SHOULD APPOINT PLAINTIFF'S COUNSEL AS CLASS
       COUNSEL ................................................................................................... 8

V.     THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY
       APPROVAL ................................................................................................. 9

VI.    THE PROPOSED PLAN OF CLASS NOTICE ................................................ 11

VII.   PROPOSED PRELIMINARY SCHEDULE ..................................................... 12

VIII.  CONCLUSION ............................................................................................. 12

1

**Table of Authorities**

2

**United States Supreme Court Cases:**

3

*Amchem Prods. Inc. v. Windsor*, 521 U.S. 591 (1997) ............................................................ 5, 8

4

*Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974) ................................................................ 5

5

**United States Circuit Court of Appeals Cases:**

6

*Armstrong v. Bd. of Schl. Dirs. of City of Milwaukee*, 616 F.2d 305 (7th Cir. 1980) .................. 10

7

*Dukes v. Wal-Mart, Inc.*, 509 F.3d 1168 (9th Cir. 2007) ........................................................ 6-7

8

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) ...................................................... 10

9

*In re Pac. Enterprises Sec. Litig.*, 47 F.3d 373 (9th Cir. 1995) ............................................... 10

10

*In re Syncor ERISA Litig.*, 516 F.3d 1095 (9th Cir. 2008) ..................................................... 10

11

*Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615 (9th Cir. 1982) ................................ 10

12

*Pierce v. County of Orange*, 526 F.3d 1190 (9th Cir. 2008) ................................................... 8

13

**United States District Cases:**

14

*Celano v. Marriot Int'l, Inc.*, 242 F.R.D. 544 (N.D. Cal. 2007) ............................................... 6

15

*In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078 (N.D. Cal. 2007) ................................ 9

16

**Miscellaneous:**

17

Alba & Conte, 4 NEWBERG ON CLASS ACTIONS, §11.25 (4th ed. 2002) ..................................... 9-11

18

Fed. R. Civ. P. 23 (2007) ................................................................................................... *passim*

19

MANUAL FOR COMPLEX LITIGATION §30.41 (3d ed. 1995) ..................................................... 9

20

MANUAL FOR COMPLEX LITIGATION § 21.632 (4th ed. 2004) ............................................... 5, 10

21

22

23

24

25

26

27

28

**MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

This class action seeks recovery as a result of the Defendant's utilization of gaming software to collect consumers' phone numbers from their wireless telephones without their authorization, and its subsequent collection and storage of those numbers.  Plaintiff Michael Turner asserts that Storm8's conduct violated state and federal laws, as well as common law causes of action.  Plaintiff seeks recovery for the injuries caused by Defendant's alleged conduct and Defendant denies any wrongful conduct.  The Parties have engaged in substantial negotiations and in-person discussions prior to agreeing to attempt to resolve this dispute through private mediation.  On March 18, 2010, counsel for the parties met in person for mediation with the assistance of the Honorable Eugene Lynch (Ret.) of JAMS.  Under the direction of Judge Lynch, the parties engaged in settlement negotiations and reached an agreement in principle.  Since that mediation, the Parties further negotiated the details of a Settlement Agreement, a true copy of which is attached as Exhibit 1.

Under the settlement, Defendant agreed to prospective relief, including the fact that Storm8 will only collect and store consumers' phone numbers from their wireless telephones with proper notice to consumers of such removal and storage and with consumers' prior informed consent to take such action.  Storm8 will further disclose all previously collected data and any conduct taken in relation to that data.  Moreover, Storm8 will provide a robust privacy policy that clearly defines all data that will be collected from consumers, and a link to this privacy policy will appear on all iTunes download screens.  Additionally, the Class Members will collectively receive approximately 94.5 million "in-game" points through Defendant's gaming software, which would cost approximately $7,875,000 to purchase.  The in-game points will be automatically distributed to the Class.

Given the hurdles facing Plaintiff in this litigation, the results achieved are well beyond those required to preliminarily approve the settlement.  Plaintiff thus moves the Court preliminarily approve the instant settlement, certify the settlement Class, appoint Michael Turner as Class Representative, and appoint Michael Aschenbrener and Christopher Dore of Edelson

1   McGuire LLC as Class Counsel.  For convenience, a proposed preliminary schedule of events

2   leading to a final approval hearing is provided in Section VII of this brief.

3   **I.      NATURE OF THE LITIGATION**

4           **A.      Turner's Allegations.**

5           Plaintiff brought this action individually and on behalf of a Class of all United States

6   residents alleging Defendant's improper utilization of gaming software to remove consumers'

7   phone numbers from their wireless telephones, and its subsequent collection and storage of those

8   numbers, without their authorization.  (*See* Declaration of Michael Aschenbrener ¶ 2, a copy of

9   which is attached as Exhibit 2).  The Complaint alleged causes of action for violations of the

10  Computer Fraud and Abuse Act (18 U.S.C. § 1030), the California Computer Crime Law (Cal.

11  Penal Code § 502), California's Unfair Competition Law (Cal. Bus. and Prof. Code § 17200) and

12  breach of contract.  (Aschenbrener Decl. ¶ 3).

13          **B.      Summary of the Litigation, Mediation & Settlement**

14          Plaintiff filed his class action complaint on November 4, 2009.  Soon thereafter, the Parties

15  met by phone to discuss settlement.  On January 14, 2010, the Parties met in San Francisco to

16  further discuss the prospect of settlement and made significant progress in agreeing to terms of a

17  settlement agreement. (Aschenbrener Decl. ¶ 4).  However, the parties were unable to reach

18  agreement on certain fundamental points.  Therefore, on March 19, 2010, counsel for the Parties,

19  and a representative of Defendant, met in person at the offices of JAMS in San Francisco for

20  mediation with the assistance of the Honorable Eugene F. Lynch (Ret.). (Aschenbrener Decl. ¶ 5).

21  Under the guidance of Judge Lynch, the Parties reached an agreement in principle as to relief to

22  the Class, an incentive award for Mr. Turner, and attorneys' fees.  (Aschenbrener Decl. ¶ 5).  In

23  the months that followed, counsel for the Parties were able to finalize the terms of the attached

24  Settlement Agreement for which they seek preliminary approval from the Court. (Aschenbrener

25  Decl. ¶ 6).

26

27

28

**C.      Defendant's Position.**

As part of the Settlement Agreement, Defendant stipulates to Turner filing an Amended Complaint for the sole purpose of effectuating a nationwide class action settlement.  (*See* Exhibit A to the Settlement Agreement.)  At all times, Defendant has denied and continues to deny any wrongdoing whatsoever or that it committed, or has threatened or attempted to commit, any wrongful acts or violations of law or duty, including, but not limited to, those alleged in the Complaint or the Amended Complaint. (Aschenbrener Decl. ¶ 7).  Defendant contends that it has acted properly and therefore denies that Turner or the Settlement Class are entitled to any form of damages based on the conduct alleged in either the Complaint or the Amended Complaint. (Aschenbrener Decl. ¶ 8).  In addition, Defendant has and continues to maintain that it has meritorious defenses to all claims alleged in the Complaint and the Amended Complaint and was and is prepared to vigorously defend all claims asserted in this litigation.  (Aschenbrener Decl. ¶ 9).

**II.      TERMS OF THE SETTLEMENT**

The key terms of the settlement follow:

**A.      Class Definition.**

The Settlement Agreement defines the settlement Class as follows:

> all persons in the United States who downloaded and accessed any version of any Storm8 game that was released or updated prior to August 30, 2009 on an Apple iPhone.

**B.      Prospective Relief**

(a)      Storm8 will place a robust privacy policy on its website at www.storm8.com/privacy, substantially similar to the privacy policy currently found at http://forum.storm8.com/showthread.php?t=28.  The privacy policy will provide clear and conspicuous notice of all data Storm8 collects through its mobile software, including all personally identifiable information and all non-personally identifiable information.  Further, the privacy policy must be available from, at a minimum, the home page of Storm8, www.storm8.com;

(b)     In all future versions of any mobile software produced and distributed by Storm8, Storm8 will only remove and store consumers' phone numbers from their wireless telephones with proper notice to consumers' of such removal and storage, and with consumers' prior informed consent to take such action;

(c)     Storm8 will place a notice of the above stated privacy policy on the pre-install page in the mobile iTunes Store and the desktop iTunes Store including, but not limited to, the URL of the privacy policy (subject to approval by Apple, Inc.).  This notice will state, at a minimum, as follows: "Storm8 respects your privacy. To view Storm8's privacy policy, please visit www.storm8.com/privacy."

**C.     Individual Class Member Benefits.**

Storm8 will distribute to each Class Member in-kind relief of forty-five (45) points per each device owned by a Class Member.  Class Members are entitled to only one distribution of points per device, regardless of the number of games downloaded and/or installed. (Aschenbrener Decl. ¶ 14).  While Class Counsel disfavors in-kind relief in general, in this case even a nominal cash payment to Class Members would exhaust the resources of a company the size of Defendant. Therefore, Plaintiff agreed to in-kind relief in the structure decided upon in mediation.

**D.     Additional Relief.**

In addition to the prospective and in-kind relief discussed above, the Defendant has further agreed to provide the following relief:

**1.     *Payment of Notice and Administrative Fees*:** The full cost of a claims administrator and of effectuating the Settlement Agreement shall be paid by the Defendant in addition to the in-game relief to be distributed to Class Members.

**2.     *Compensation for the Class Representative*:** In addition to any award under the settlement, and in recognition of his efforts on behalf of the Class, Michael Turner shall, subject to Court approval, receive an incentive award of $2,500 as appropriate compensation for his time and effort serving as the Class Representative in this litigation.

**3.** *Payment of Attorneys' Fees and Expenses*: Defendant has agreed to pay Class Counsel, subject to Court approval, $125,000 in attorneys' fees and for the reimbursement of costs separate and apart from the relief provided to the members of the Class.[1]  Defendant has agreed that they will not object to, or otherwise challenge, Class Counsel's application for reasonable attorneys' fees and for reimbursement of costs and other expenses for said amount.

**E.     Release**

Upon the entry of a final order approving this settlement, and after the time for appeal has expired or such appeal has been decided, Michael Turner, and each and every member of the settlement Class who has not timely filed a request to be excluded from the Settlement Class, will release and forever discharge the Defendant from any and all manner of claims, whether known or unknown, that have been, could have been, or in the future might be asserted in the pending litigation or in any other court or proceeding relating to the collection and storage of phone numbers belonging to the Settlement Class, and shall be permanently barred and enjoined from the institution or prosecution, or from asserting, either directly or indirectly, derivatively, or representatively any claims against the Defendant as further provided for in the attached Settlement Agreement.

**III.     THE PROPOSED SETTLEMENT CLASS SHOULD BE CERTIFIED**

Prior to granting preliminary approval of a settlement, the Court should determine that the proposed settlement Class is a proper class for settlement purposes.  MANUAL FOR COMPLEX LITIGATION § 21.632 (4th ed. 2004); *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620 (1997). The Court may certify a class when the plaintiff demonstrates that the proposed class and proposed class representatives meet the following prerequisites of Rule 23(a): numerosity, commonality, typicality, and adequacy of representation.  Fed. R. Civ. P. 23(a)(1-4).  After meeting the strictures of Rule 23(a), the plaintiff must then demonstrate that common questions of

---

[1] Although it is premature to raise the issue of fees, Class Counsels' fees are based upon their loadstar and not a percentage of the actual value of the in-kind Class relief.

1   law or fact predominate and that maintaining the suit as a class action is superior to other methods

2   of adjudication. Fed. R. Civ. P. 23(b)(3).

3       In determining whether to certify a class, the Court does not inquire into the merits of the

4   plaintiff's claims. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974). As such, the

5   Court accepts the allegations of the plaintiff's complaint as true, but may consider matters beyond

6   the pleadings to determine if the claims are suitable for resolution on a class-wide basis. *Celano v.*

7   *Marriot Int'l, Inc.*, 242 F.R.D. 544, 548 (N.D. Cal. 2007).

8           **A.    The Requirement of Numerosity Is Satisfied**

9       The numerosity prerequisite is met when "the class is so numerous that joinder of all

10  members is impractical. Fed. R. Civ. P. 23(a)(1). To satisfy this requirement there is no

11  "specific" number required, nor are the plaintiffs required to state the "exact" number of potential

12  class members. *Celano*, 242 F.R.D. at 548. Generally, the numerosity requirement is satisfied

13  when the class comprises 40 or more members. *See id.* at 549. In this case, the Class has been

14  estimated by the Defendant to be in excess of 2,100,000 persons, easily enough to satisfy the

15  numerosity requirement. (*See* Aschenbrener Decl. ¶ 10).

16          **B.    The Requirement of Commonality is Satisfied**

17      The second threshold to certification requires that "there are questions of law or fact

18  common to the class." Fed. R. Civ. P. 23(a)(2). "[P]laintiffs may demonstrate commonality by

19  showing that class members have shared legal issues by divergent facts or that they share a

20  common core of facts but base their claims for relief on different legal theories." *Dukes v. Wal-*

21  *Mart Stores, Inc.*, 509 F.3d 1168, 1177 (9th Cir. 2007) *aff'd by Dukes v. Wal-Mart Stores, Inc.*,

22  603 F.3d 571 (9th Cir. 2010). "[O]ne significant issue common to the class may be sufficient to

23  warrant certification." *Id.* As alleged in this case, all Class Members share the common issue of

24  having downloaded a Storm8 game to their iPhones, and thereafter having their phone numbers

25  harvested from their wireless telephones and stored by Storm8 without their authorization.

26      This common issue among Class Members results in common factual and legal questions

27  such as: (a) whether Storm8 distributed gaming software that collected Class Members' wireless

28
    Plaintiff's Motion for Preliminary Approval        6              Case No. 09-cv-05234-CW
    of Class Action Settlement

phone numbers without their authorization; (b) whether Storm8's practice of collecting Class Members' wireless phone numbers was in violation of the Computer Fraud and Abuse Act (18 U.S.C. § 1030), the California Computer Crime Law (Cal. Penal Code § 502) and/or California's Unfair Competition Law (Cal. Bus. and Prof. Code § 17200); (c) whether Defendant's practice of collecting Class Members' wireless phone numbers was in breach of Storm8's contract with the Plaintiff and the Class; (i) and whether Turner and the Class are entitled to relief, and the nature of such relief.

In addition, such common questions for the settlement include whether the settlement is fair, and what is the proper form of notice.  Accordingly, the commonality requirement is satisfied.

### C.       The Requirement of Typicality is Satisfied

Rule 23 next requires that Turner's claims are typical of those of the Class.  Fed. R. Civ. P. 23(a)(3).  "[T]ypicality focuses on the relationship of facts and issues between the class and its representatives." *Dukes*, 509 F.3d at 1184 n.12 (citation omitted) ("[u]nder the rule's permissive standards, representative claims are 'typical' if they are reasonably coextensive with those of absent class members; they need not be substantially identical[;] some degree of individuality is to be expected in all cases, but that specificity does not necessarily defeat typicality").  Here, the Defendant's practice of harvesting Class Members' wireless phone numbers without their authorization has resulted in Turner and the proposed settlement Class being injured.  These alleged breaches of contract and/or violations of state and federal statutes resulted in Turner and the other Class members being damaged in a nearly identical manner.   As such, Turner's claims are typical of those of the proposed Class and Fed. R. Civ. P. 23(a)(3) is met.

### D.       The Requirement of Adequate Representation is Satisfied

The final Rule 23(a) prerequisite requires that the proposed class representatives have and will continue to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  "This factor requires: (1) that the proposed representative Plaintiffs do not have conflicts of interest with the proposed class, and (2) that Plaintiffs are represented by qualified and competent counsel." *Dukes*, 509 F.3d at 1185.

1    In this case, Turner has the same interests as the proposed Class Members—all have been

2    allegedly injured by having their personal phone number harvested from their wireless telephone

3    without authorization.  Therefore, Turner has no interests antagonistic to the proposed Class.

4    Further, Class Counsel are well respected members of the legal community, have regularly

5    engaged in major complex litigation, and have extensive experience in consumer class action

6    lawsuits that are similar in size, scope and complexity to the present case.  (Aschenbrener Decl. ¶

7    11; *see also* Firm Resume of Edelson McGuire, LLC, a copy of which is attached as Exhibit 4.)

8    Accordingly, both Turner and his counsel will adequately represent the Class.

9    **E.     The Proposed Settlement Class Meets the Requirements of Rule 23(b)(3)**

10    Once the subsection (a) prerequisites are satisfied, Federal Rule of Civil Procedure

11    23(b)(3) provides that a class action can be maintained where the questions of law and fact

12    common to members of the class predominate over any questions affecting only individuals, and

13    the class action mechanism is superior to the other available methods for the fair and efficient

14    adjudication of the controversy.  Fed. R. Civ. P 23(b)(3); *Pierce v. County of Orange*, 526 F.3d

15    1190, 1197 n.5 (9th Cir. 2008).  In this case, and in the context of the proposed Settlement

16    Agreement, common issues of fact and law predominate.  Defendant's practice of removing Class

17    Members' phone numbers from their wireless telephones without authorization is common to the

18    Class Members' claims and damages, and predominates over any issues applicable to any

19    individual members of the Class.

20    In addition, the instant class action is superior to any other method available to fairly,

21    adequately, and efficiently resolve the Class members' claims.  Absent a class action, most

22    members of the Class would find the cost of litigating their claims to be prohibitive and such

23    multiple individual actions would be judicially inefficient.  Also, because the action will now

24    settle, the Court need not consider issues of manageability relating to trial.  *See Amchem*, 521 U.S.

25    at 620 (citation omitted) ("[c]onfronted with a request for settlement-only class certification, a

26    district court need not inquire whether the case, if tried, would present intractable management

27

28

problems, for the proposal is that there be no trial").  Accordingly, common questions predominate and a class action is the superior method of adjudicating this controversy.

## IV.     THE COURT SHOULD APPOINT PLAINTIFF'S COUNSEL AS CLASS COUNSEL

Under Rule 23, "a court that certifies a class must appoint class counsel . . . [who] must fairly and adequately represent the interests of the class."  Fed. R. Civ. P. 23(g)(1)(B).  In making this determination, the Court must consider counsel's: (1) work in identifying or investigating potential claims; (2) experience in handling class actions or other complex litigation, and the types of claims asserted in the case; (3) knowledge of the applicable law; and (4) resources committed to representing the class.  Fed. R. Civ. P. 23(g)(1)(A)(i-iv).

As discussed above, proposed Class Counsel have extensive experience in prosecuting class actions and other complex litigation.  (Aschenbrener Decl. ¶ 11; *see also* Exhibit 4.)  Further, proposed Class Counsel has diligently investigated and prosecuted this matter, dedicating substantial resources to the investigation of the claims at issue in the action, and have successfully negotiated the settlement of this matter to the benefit of the Class.  (Aschenbrener Decl. ¶ 12). Accordingly, the Court should appoint Plaintiff's counsel to serve as Class Counsel for the proposed Class pursuant to Rule 23(g) and appoint Michael Aschenbrener and Christopher Dore of Edelson McGuire, LLC, as Class Counsel.

## V.     THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL

After certifying the settlement Class, the Court should preliminarily approve the settlement.  The procedure for review of a proposed class action settlement is a well-established two-step process.  Fed. R. Civ. P. 23(e); *see also* Alba & Conte, 4 NEWBERG ON CLASS ACTIONS, §11.25, at 38-39 (4th ed. 2002).  The first step is a preliminary, pre-notification hearing to determine whether the proposed settlement is "within the range of possible approval." NEWBERG, §11.25, at 38-39 (*quoting* MANUAL FOR COMPLEX LITIGATION §30.41 (3d ed. 1995)); *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007).  This hearing is not a fairness hearing; its purpose, rather, is to ascertain whether there is any reason to notify the Class members of the proposed settlement and to proceed with a fairness hearing.  *Id.*  Notice of a

1   settlement should be sent where "the proposed settlement appears to be the product of serious,

2   informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant

3   preferential treatment to class representatives or segments of the class, and falls within the range

4   of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d at 1079.

5        The Manual for Complex Litigation characterizes the preliminary approval stage as an

6   "initial evaluation" of the fairness of the proposed settlement made by the court on the basis of

7   written submissions and informal presentation from the settling parties. MANUAL FOR COMPLEX

8   LITIGATION § 21.632 (4th ed. 2004).  If the court finds a settlement proposal "within the range of

9   possible approval," it then proceeds to the second step in the review process—the final approval

10  hearing. NEWBERG, §11.25, at 38-39.  The standard of scrutiny for preliminary approval is more

11  relaxed than for final approval.  *Armstrong v. Bd. of Schl. Dirs. of City of Milwaukee*, 616 F.2d

12  305, 314 (7th Cir. 1980).

13       A strong judicial policy exists that favors the voluntary conciliation and settlement of

14  complex class action litigation. *In re Syncor ERISA Litig.,* 516 F.3d 1095, 1101 (9th Cir. 2008)

15  (*citing Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615 (9th Cir. 1982)).  While the

16  district court has discretion regarding the approval of a proposed settlement, it should give "proper

17  deference to the private consensual decision of the parties." *Hanlon v. Chrysler Corp.*, 150 F.3d

18  1011, 1027 (9th Cir. 1998).  In fact, when a settlement is negotiated at arm's length by experienced

19  counsel, there is a presumption that it is fair and reasonable.  *In re Pac. Enterprises Sec. Litig.*, 47

20  F.3d 373, 378 (9th Cir. 1995).  Ultimately, the court's role is to ensure that the settlement is

21  fundamentally fair, reasonable, and adequate.  Fed. R. Civ. P. 23(e)(2); *In re Syncor*, 516 F.3d at

22  1100.

23       In this case, there is no question that the proposed settlement is at least "within the range of

24  possible approval."  Only after extended arm's length negotiations, conducted under the

25  supervision of Judge Lynch, were the Parties able to reach an agreement as to relief for the Class.

26  (Aschenbrener Decl. ¶ 13).  Specifically, members of the Class will receive significant prospective

27  relief in the form of Storm8's commitment to require notice and authorization to access personally

28

identifiable information such as Class Members' wireless telephone numbers.  In addition, Storm8 will provide 45 in-game points to each Class Member, which amounts to approximately 94 million points, collectively worth approximately $7,875,000.  In the course of playing Storm8's games, consumers would normally pay for in-game points, but under the Settlement Agreement, Class Members will receive them for free and without requiring Class Members to make claims to obtain them.  (Aschenbrener Decl. ¶ 14).

Although Plaintiff's counsel is confident in the strength of the claims alleged in the Complaint and the Amended Complaint, and that Plaintiff and the Class would ultimately prevail at trial, Plaintiff counsel's collective experience imparts the wisdom that litigation is inherently risky.  (Aschenbrener Decl. ¶ 15).  When the strengths of the Plaintiff's claim are weighed against the legal and factual obstacles combined with the complexity of class action practice, it is apparent that the proposed settlement is clearly in the best interest of Class Members as it provides substantial recovery now.  (Aschenbrener Decl. ¶ 16).  As specific damages to individual Class Members are difficult to indentify and quantify in this case, Storm8 has several defenses available to it that could prove successful.  Likewise, even if Plaintiff could successfully prove damages at trial, due to the large class size, any judgment would be untenable for a company of Defendant's size to withstand, and therefore any judgment in Plaintiff's favor would be a pyrrhic victory.  As this settlement easily falls well "within the range of possible approval," it should be preliminarily approved.

## VI.    THE PROPOSED PLAN OF CLASS NOTICE

Rule 23(c)(2)(B) provides that, "[f]or any class certified under Rule 23(b)(3), the court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."  Fed. R.Civ. P. 23(c)(2)(B).  Rule 23(e)(1) similarly says, "[t]he court must direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise."  Fed. R. Civ. P. 23(e)(1).  Notice is "adequate if it may be understood by the average class member." NEWBERG, § 11:53 at 167.

The proposed settlement provides for a notice campaign designed to reach virtually all members of the proposed Class. After entry of preliminary approval, each potential member of the Class, as identified in Defendant's records, will receive notice of the proposed settlement and information directing them to the Settlement Website. Each of the notice methods described below directs potential members of the Class to a website operated by the Defendant where a detailed explanation of the litigation and Class Members' options are presented in a manner designed to allow each of them to make an informed decision. The text appearing on the Settlement Website is attached to the Settlement Agreement as Exhibit B.

First, notice will be provided on Class Members' phones through an in-game message that will initially appear as a "pop-up" notification (as described in the Settlement Agreement), and thereafter Class Members will have continued access to the message within the game until 30 days after the Effective Date (as defined in the Settlement Agreement). The text of this notice is attached to the Settlement Agreement as Exhibit C.

Defendant will also comport with the requirements of the Class Action Fairness Act by serving notice of the proposed settlement along with all other required documentation to the Attorneys General of each of the fifty United States, the Attorney General of the United States, and other required government officials.

The notice to Class will be distributed and posted within one (1) week after preliminary approval of the settlement is granted. As such, the proposed methods of notice comport with Rule 23 and the requirements of Due Process and should be approved by this Court.

## VII. PROPOSED PRELIMINARY SCHEDULE

The Parties propose the following schedule leading to the Fairness Hearing for final approval of the settlement:

1. Defendant creates and posted the Settlement Website and distributes in-game notice one (1) week after entry of Preliminary Approval Order (PAO);

2. Deadline for Opt-outs/Objections: 45 days after notice is distributed (or such date as is convenient for the Court);

3.  Submission of papers in support of final approval: 7 days prior to Final Fairness

Hearing Date;

4.  Final Fairness Hearing: No sooner than 90 days after PAO (or such date as is

convenient for the Court).

**VIII.   CONCLUSION**

For the foregoing reasons, Plaintiff respectfully asks that the Court grant preliminary

approval of the proposed Settlement Agreement, approve the form and manner of notice described

above, and enter the proposed order attached hereto (Exhibit 3), and grant such further relief the

Court deems reasonable and just.

Dated: June 22, 2010                          EDELSON MCGUIRE, LLC


                                    By:  _____/s/ Michael J. Aschenbrener_____
                                              MICHAEL J. ASCHENBRENER

                                          Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

The undersigned certifies that, on June 22, 2010, he caused this document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of filing to counsel of record for each party.


Dated:  June 22, 2010                                    EDELSON MCGUIRE, LLC

                                                         By:   /s/ Michael J. Aschenbrener
                                                            Michael J. Aschenbrener

                                                         Attorneys for Plaintiff