SEAN REIS - SBN 184004
sreis@edelson.com
EDELSON MCGUIRE, LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, California 92688
Telephone: (949) 459-2124
Facsimile: (949) 450-2123

MICHAEL J. ASCHENBRENER (admitted *pro hac vice*)
maschenbrener@edelson.com
CHRISTOPHER L. DORE (admitted *pro hac vice*)
cdore@edelson.com
EDELSON MCGUIRE, LLC
350 N. LaSalle Street, Suite 1300
Chicago, IL 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378

ATTORNEYS FOR PLAINTIFF

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TURNER, an individual, on behalf of himself and all others similarly situated, | Case No. 09-cv-05234-CW |
| Plaintiff, | **PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| v. | **(1) Computer Fraud and Abuse Act, 18 U.S.C. § 1030;** |
| STORM8, LLC, a California Limited Liability Company, | **(2) California Computer Crime Law, Cal. Penal Code § 502;** |
| Defendant. | **(3) Cal. Bus. and Prof. Code § 17200; and,** |
| | **(4) Breach of Contract** |
| | DEMAND FOR JURY TRIAL |
| | **CLASS ACTION** |

Plaintiff, by his attorneys, upon personal knowledge as to himself and his own acts and upon information and belief as to all other matters, alleges as follows:

**NATURE OF THE ACTION**

1.      Plaintiff, Michael Turner ("Plaintiff" or "Mr. Turner"), brings this class action complaint against Defendant Storm8, LLC  ("Storm8" or "Defendant"), headquartered in Redwood City, California, for its practice of accessing, collecting, and transmitting without notice or consent the wireless telephone numbers of iPhone users who download Storm8's games to their iPhones via Apple's App Store.

2.      Storm8 makes video games for use and play on Apple iPhone and iPod Touch wireless devices.  Its games are: "World War," "iMobsters," "Racing Live," "Vampires Live," "Kingdoms Live," "Zombies Live," and "Rockstars Live."  While users can play its games for free, certain versions are available for a fee, and game players have the opportunity to spend large sums of real money in both the free and paid versions in order to help advance through the games' levels.

3.      The wireless telephone numbers of users' phones are not used or necessary to play any of Storm8's games, yet Storm8 has written the software for all its games in such a way that it automatically accesses, collects, and transmits the wireless telephone number of each iPhone user who downloads any Storm8 game.  It does so without disclosing this to any user before or after the fact.

**PARTIES**

4.      Plaintiff Michael Turner is a resident of Lynnwood, Washington.  He owns an iPhone and has downloaded multiple Storm8 games to his iPhone.

5.      Defendant Storm8, LLC sells and distributes games through the iPhone App Store for use on iPhone and iPod Touch devices.  It is a California Limited Liability Company headquartered in San Mateo County, California, at 3 Twin Dolphin Drive, Suite

250, Redwood City, California 94065.  Storm8, LLC does business throughout the State of California and the nation.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331.  This Court further has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), because (a) at least one member of the putative class is a citizen of a state different from Defendants, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under that subsection apply to this action

7.      Personal jurisdiction and Venue are proper because Storm8 is an LLC headquartered in San Mateo County and/or because the improper conduct alleged in this Complaint occurred in, was directed from, and/or emanated or exported from California.

## INTRADISTRICT ASSIGNMENT

8.      Pursuant to Civil Local Rule 3-2(d), this case shall be assigned to either the San Francisco Division or the Oakland Division.

## FACTS

9.      Storm8's games are known as massively multiplayer online games ("MMOs" or "MMOGs").  These games allow users to compete against each other live in real time by utilizing the wireless internet connections present in iPhone and iPod Touch devices.

10.     Storm8 claims on its website that its games have been downloaded more than 20 million times and that its games are the number one role-playing games for the iPhone and iPod Touch.

11.     As of November 2, 2009, five of Storm8's games ranked in the Top 50 downloaded free apps in Apple's App Store and seven of its games ranked in the Top 100 Free Apps.

12.     Even the "free" versions of its games provide the opportunity for users to spend money in the game in order to accrue points, weapons, and other features that enhance game play.

13.     As with all authorized iPhone Apps, Storm8's games are only available through Apple's App Store, which is accessible directly from iPhones and iPod Touches or via the iTunes software program, which is available on Macintosh and Windows-based computers.

14.     Apple does not provide to sellers the personal information of iPhone or iPod Touch users to App Store developers, such as Storm8.

15.     To make games (or any Apps, for that matter) for the iPhone and iPod Touch, developers must use the iPhone Software Development Kit ("SDK").  The iPhone SDK does not provide direct access to iPhone or iPod Touch users' personal information.

16.     In fact, the Apple SDK "sandboxes" Apps, such as Storm8's games, from the global properties of iPhones and iPod Touches.  In computer security-speak, a "sandbox" is a security method for separating running programs.  The result is that iPhones are designed in such a way as to prevent Apps from accessing the wireless phone number of the iPhones on which they are installed.

17.     There exists, however, a hidden and unauthorized method through which an App, such as a Storm8 game, is able to access the phone number of the iPhone on which it is installed.

18.     Storm8, though, has no reason whatsoever to access the wireless phone numbers of the iPhones on which its games are installed.

19.     Nonetheless, Storm8 makes use of this "backdoor" method to access, collect, and transmit the wireless phone numbers of the iPhones on which its games are installed. Storm8 does so or has done so in all of its games.

PLAINTIFF'S FIRST AMENDED COMPLAINT

4

20.     Storm8 does not provide any notice to consumers that it collects the wireless phone numbers of the iPhones on which its games are installed.  Accordingly, Storm8 does not obtain consent or authorization from consumers before, during, or after collecting their wireless phone numbers.

21.     On or about August 26, 2009, Storm8 acknowledged it had been accessing, collecting, and transmitting user phone numbers after the press reported the problem and members of the Storm8 user community brought their concerns to Storm8's attention.[1] Storm8 responded as follows:

> Thanks again for alerting us of the situation. We did have a bug that has been fixed. The updated app will need to go through the regular review process. You should expect to see it live shortly in the app store.
>
> Once again we thank you for bringing this to our attention and apologize to our users for the oversight.
>
> Regards,
>
> [Name]
>
> Storm8 Support Team

22.     Storm8's characterizations of its practice of harvesting phone numbers as a "bug" and an "oversight" are false.  Storm8 could not have accidentally harvested its users' phone numbers—it used very specific and specialized software code to do so.

---

[1] Please see http://www.sfgate.com/cgi-bin/blogs/ybenjamin/detail?blogid=150&entry_id=46236, http://i-phone-home.blogspot.com/2009/08/vampires-live-iphone-appstore-top25.html, http://i-phone-home.blogspot.com/2009/08/vampires-live-storm8s-response-round-2.html, and http://i-phone-home.blogspot.com/2009/08/imobsters-iphone-appstore-top25-free.html for additional details.

**FACTS RELATING TO PLAINTIFF**

23.     Mr. Turner owns an iPhone with a U.S. phone number and with wireless service provided by AT&T.

24.     During the months of July 2009 and August 2009, Mr. Turner downloaded all of Storm8's games form Apple's App Store and installed them on his iPhone.

25.     Mr. Turner has spent approximately $380 on Storm8 game enhancements.

26.     As a result of downloading and installing Storm8's games, Storm8 harvested his wireless telephone number without notifying him or obtaining his consent.

**CLASS ALLEGATIONS**

27.     Plaintiff Turner brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of himself and a class of persons:

> All persons in the United States who downloaded and accessed any version of any Storm8 game on an Apple iPhone that was released or updated prior to August 30, 2009.

Excluded from the Class are Defendant, its legal representatives, assigns, and successors, and any entity in which Defendant has a controlling interest.  Also excluded is the judge to whom this case is assigned and the judge's immediate family.

28.     The Class consists of millions of individuals and other entities, making joinder impractical.

29.     The claims of Plaintiff are typical of the claims of all of the other members of the Class.

30.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class.  Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions.  Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the

1    financial resources to do so.  Neither Plaintiff nor his counsel have any interest adverse to

2    those of the other members of the Class.

3        31.     Absent a class action, most members of the Class would find the cost of

4    litigating their claims to be prohibitive and will have no effective remedy.  The class

5    treatment of common questions of law and fact is also superior to multiple individual actions

6    or piecemeal litigation in that it conserves the resources of the courts and the litigants, and

7    promotes consistency and efficiency of adjudication.

8        32.     Storm8 has acted and failed to act on grounds generally applicable to Plaintiff

9    and the other members of the Class, requiring the Court's imposition of uniform relief to

10   ensure compatible standards of conduct toward the members of the Class.

11       33.     The factual and legal bases of Storm8's liability to Plaintiff and to the other

12   members of the Class are the same, resulting in injury to Plaintiff and all of the other

13   members of the Class. Plaintiff and the other members of the Class have all suffered harm

14   and damages as a result of Storm8's wrongful conduct.

15       34.     There are many questions of law and fact common to the claims of Plaintiff

16   and the other members of the Class, and those questions predominate over any questions that

17   may affect individual members of the Class.  Common questions for the Class include but are

18   not limited to the following:

19            (a)     whether Storm8's conduct described herein violates the Computer

20            Fraud and Abuse Act;

21            (b)     whether Storm8's conduct described herein violates California's

22            Computer Crime Law; and,

23            (c)     whether Storm8's practices constitute unfair and deceptive acts or

24            practices;

25            (d)     whether Storm8's practices constitute breach of contract.

26

27

28

PLAINTIFF'S FIRST AMENDED COMPLAINT

7

35.     The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members and a class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

36.     Plaintiff reserves the right to revise these definitions based on facts learned in discovery.

**FIRST CAUSE OF ACTION**

**Violation of 18 U.S.C. § 1030, the Computer Fraud and Abuse Act ("CFAA")**

**(on behalf of Plaintiff and the Class)**

37.     Plaintiff incorporates by reference the foregoing allegations.

38.     Storm8 violated 18 U.S.C. § 1030(a)(5)(A)(i) by knowingly causing the transmission of a command embedded within Storm8 games downloaded from Apple's App Store to access, collect, and transmit the wireless phone numbers of its users to Plaintiff and Class members' iPhones, which are protected computers as defined in 18 U.S.C. § 1030(e)(2)(B) because they are used in interstate commerce and/or communication.  By accessing, collecting, and transmitting Plaintiff and Class members' wireless phone numbers, Storm8 intentionally caused damage without authorization to those iPhones by impairing the integrity of information and/or data.

39.     Storm8 violated 18 U.S.C. § 1030(a)(5)(A)(iii) by intentionally accessing Plaintiff and Class members' iPhones—protected computers—without authorization, and as a result, caused damage to Plaintiff and Class members' iPhones by impairing the integrity of information and/or data.

40.     As a result of these takings, Storm8's conduct has caused a loss to one or more persons during any one-year period aggregating at least $5,000 in value in real economic damages.

41.     Plaintiff and Class members have additionally suffered loss by reason of these violations, including, without limitation, violation of the right of privacy.

42.     Storm8's unlawful access to Plaintiff's iPhone has also caused Plaintiff irreparable injury.  Unless restrained and enjoined, Storm8 will continue to commit such acts. Plaintiff's remedy at law is not adequate to compensate it for these inflicted and threatened injuries, entitling Plaintiff to remedies including injunctive relief as provided by § 1030(g).

**SECOND CAUSE OF ACTION**

**Violation of Cal. Penal Code § 502, California's Computer Crime Law ("CCCL")**

**(on behalf of Plaintiff and the Class)**

43.     Plaintiff incorporates by reference the foregoing allegations.

44.     Storm8 knowingly used data, computers, computer systems, or computer networks by accessing, collecting, and transmitting Plaintiff and Class members' wireless phone numbers in order to wrongfully control or obtain data—the phone numbers—in violation of § 502(c)(1).

45.     Storm8 knowingly accessed and without permission took, copied, or made use of Plaintiff and Class members' wireless phone numbers in violation of § 502(c)(2).

46.     Storm8 knowingly and without permission used or caused to be used computer services by impermissibly accessing, collecting, and transmitting Plaintiff and Class members' wireless phone numbers stored on their iPhones in violation of § 502(c)(3).

47.     Storm8 knowingly and without permission provided or assisted in providing a means of accessing a computer, computer system, or computer network by creating a command that allowed it to impermissibly access, collect, and transmit Plaintiff and Class members' wireless phone numbers in violation of § 502(c)(6).

48.     Storm8 knowingly and without permission accessed or caused to be accessed Plaintiff and Class members' iPhone computers by impermissibly accessing, collecting, and transmitting Plaintiff and Class members' wireless phone numbers in violation of

PLAINTIFF'S FIRST AMENDED COMPLAINT

§ 502(c)(7).

49.     Storm8 knowingly introduced a computer contaminant, as defined in § 502(b)(10), by introducing computer instructions designed to record or transmit information—Plaintiff and Class members' wireless phone numbers—on Plaintiff and Class members' iPhones without the intent or permission of the owners of that information in violation of § 502(c)(8).

50.     As a direct and proximate result of Storm8's unlawful conduct within the meaning of § 502, Storm8 has caused loss to Plaintiff and Class members in an amount to be proven at trial.  Plaintiff is also entitled to recover his attorneys' fees pursuant to § 502(e).

51.     Plaintiff and Class members have also suffered irreparable injury from these acts, including the harvesting of their personal information (wireless phone numbers). Accordingly, Plaintiff and Class members have no adequate remedy at law, entitling them to injunctive relief.

### THIRD CAUSE OF ACTION

### Violation of Cal. Bus. Prof. Code § 17200

### (on behalf of Plaintiff and the Class)

52.     Plaintiff incorporates by reference the foregoing allegations.

53.     Section 17200 proscribes unfair business competition and defines this to include any unfair, unlawful, or fraudulent business practice or act.

54.     Storm8 violated through its conduct alleged above, including its unlawful violations of the CFAA and the CCCL.

55.     Storm8 violated including its unfair practice of covertly accessing, collecting, and transmitting the wireless phone numbers of the purchasers of its iPhone games.

56.     Storm8, through its acts of unfair competition, has obtained money at the expense of Plaintiff and Class members by charging for the paid versions of its games and by charging for game enhancements to both the paid and free versions of its games.  Plaintiff

PLAINTIFF'S FIRST AMENDED COMPLAINT

1    asks that this Court restore this money to Plaintiff and Class members and enjoin Storm8

2    from continuing its illegal practices.

3                              **FOURTH CAUSE OF ACTION**

4                                  **Breach of Contract**

5                         **(on behalf of Plaintiff and the Class)**

6         57.    Plaintiff incorporates by reference the foregoing allegations.

7         58.    Plaintiff and members of all the Class entered into identical agreements with

8    Storm8 that does not allow Storm8 to collect their phone numbers by means of the

9    "backdoor" mechanism described above.

10        59.    Storm8 expressly and/or impliedly agreed to carry out its obligations in good

11   faith and fair dealing.

12        60.    Storm8 breached its contractual obligations, including its obligation of good

13   faith and fair dealing, by accessing, collecting, and transmitting Plaintiff and Class members

14   wireless telephone numbers as described above.

15        61.    Plaintiff and Class members have performed their obligations under the

16   contracts.

17        62.    The aforementioned breaches of contract have proximately caused Plaintiffs

18   and the Classes economic injury and other damages.

19                                **PRAYER FOR RELIEF**

20        WHEREFORE, Plaintiff, on behalf of themselves and the Class, pray for the

21   following relief:

22        A.    Certify this case as a class action on behalf of the Class defined above,

23   appoint Michael Turner as class representatives, and appoint his counsel as class counsel;

24        B.    Declare that the actions of Storm8, as set out above, violate the Computer

25   Fraud and Abuse Act, the California Computer Crime Law, and the California Unfair

26   Competition Law, Cal. Bus. and Prof. Code § 17200, and constitute breach of contract;

27

28

---

PLAINTIFF'S FIRST AMENDED COMPLAINT

11

C.      As applicable to the Class *mutatis mutandis*, awarding injunctive and equitable relief including, *inter alia*: (i) prohibiting Storm8 from engaging in the acts alleged above; (ii); requiring Storm8 to delete all data surreptitiously or otherwise collected through the acts alleged above; and, (iii) awarding Plaintiff and Class members full restitution of all benefits wrongfully acquired by Storm8 by means of the wrongful conduct alleged herein;

D.      Award damages, including statutory damages where applicable, to Plaintiff and Class members in an amount to be determined at trial;

E.      Award restitution against Storm8 for all money to which Plaintiff and the Class are entitled in equity;

F.      Restrain Storm8, its officers, agents, servants, employees, and attorneys, and those in active concert or participation with them from continued access, collection, and transmission of Plaintiff and Class members wireless telephone numbers via preliminary and permanent injunction;

G.      Award Plaintiff and the Class their reasonable litigation expenses and attorneys' fees;

H.      Award Plaintiff and the Class pre- and post-judgment interest, to the extent allowable;

I.      Enter injunctive and/or declaratory relief as is necessary to protect the interests of Plaintiff and the Class; and

J.      Award such other and further relief as equity and justice may require.

**JURY TRIAL**

Plaintiff demands a trial by jury for all issues so triable.

Respectfully submitted,

Dated:  June 22, 2010

EDELSON MCGUIRE, LLC


By:   /s/ Michael J. Aschenbrener
MICHAEL J. ASCHENBRENER
One of the Attorneys for Plaintiff

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

The undersigned certifies that, on June 22, 2010, he caused this document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of filing to counsel of record for each party.


Dated:  June 22, 2010                                    EDELSON MCGUIRE, LLC

By:   /s/ Michael J. Aschenbrener
      Michael J. Aschenbrener

Attorneys for Plaintiff