SEAN P. REIS (SBN # 184044)
sreis@edelson.com
EDELSON MCGUIRE, LLP
30021 Tomas Street, Suite 300
Rancho Santa Margarita, CA 92688
Telephone: 949.459.2124
Fax: 949.459.2123

MICHAEL J. ASCHENBRENER (*pro hac vice*)
maschenbrener@edelson.com
CHRISTOPHER L. DORE (*pro hac vice*)
cdore@edelson.com
EDELSON MCGUIRE, LLC
350 N. LaSalle St., Suite 1300
Chicago, IL 60654
Telephone: 312.589.6370
Fax: 312.589.6378

ATTORNEYS FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL TURNER, an individual, on behalf of himself and all others similarly situated,

Plaintiff,

v.

STORM8, LLC, a California Limited Liability Company,

Defendant.

Case No. 09-cv-05234-CW

**PRELIMINARY APPROVAL ORDER**

**PRELIMINARY APPROVAL ORDER**

WHEREAS, a class action is pending before the Court entitled *Turner, et al. v. Storm8, LLC,* Case No. 09-cv-05234-CW; and

WHEREAS, Plaintiff Michael Turner and Defendant Storm8, LLC ("Storm8") have agreed on a Settlement Agreement dated June 21, 2010, which, together with the Exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice as to Defendant upon the terms and conditions set forth therein (the "Agreement"), and the Court having read and considered the Settlement Agreement and Exhibits attached thereto;

This matter coming before the Court upon the agreement of the Parties, good cause being shown, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:

1. Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2. The Parties have moved the Court for an order approving the settlement of the Action in accordance with the Settlement Agreement, which, together with the documents incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action with prejudice, and the Court having read and considered the Settlement Agreement and having heard the Parties and being fully advised in the premises, hereby preliminarily approves the Settlement Agreement in its entirety subject to the Fairness Hearing referred to in paragraph 18 of this Order for purposes of deciding whether to grant final approval to the said Settlement Agreement.

**<u>Settlement Class Certification</u>**

3. For purposes of settlement only: (a) Michael Aschenbrener and Christopher Dore of Edelson McGuire LLC are appointed Class Counsel for the Settlement Class; and (b) Michael Turner is appointed Class Representative.

4. For purposes of settlement only, the Court certifies the following class ("the Settlement Class"): all persons in the United States who downloaded and accessed any version of any Storm8 game that was released or updated prior to August 30, 2009 on an Apple iPhone.

5. The Court finds, subject to the Fairness Hearing referred to in Paragraph 18 below, that the Settlement Agreement is fundamentally fair, adequate, and reasonable, and, solely within the context of and for the purposes of settlement only, that the Settlement Class satisfies each of the requirements of Rule 23 of the Federal Rules of Civil Procedure, specifically, that: the Class is so numerous that joinder of all members is impracticable; there are questions of law and fact common to the Class; the claims of the Class Representative are typical of the claims of the Class; the Class Representative will fairly and adequately protect the interests of the Class; common questions of law or fact predominate over questions affecting individual members; and a class action is a superior method for fairly and efficiently adjudicating the action.

6. The Court finds that the Parties entered into the Settlement Agreement in good faith, following arm's length negotiation, including a mediation session with the Hon. Eugene Lynch (Ret.).

7. Should the Settlement Agreement not receive the Court's final approval, should final approval be reversed on appeal, or should the Settlement Agreement otherwise fail to become effective, the Court's grant of class certification shall be vacated, and the Class Representative and the Settlement Class would once again bear the burden of establishing the propriety of class certification. In such case, neither the certification of the Settlement Class for settlement purposes, nor any other act relating to the negotiation or execution of the Settlement Agreement shall be considered as a factor in connection with any class certification issue(s).

**Notice and Administration**

8. The Court approves, as to form and content, the Internet Publication Notice, in the form of Exhibit B to the Settlement Agreement, the In-Game form of the Notice, substantially in the form of Exhibit C thereto, and the provision for notice set out in paragraph 4.2 of the Settlement Agreement constitute valid, due and sufficient notice to all persons entitled thereto, that such notice is the best notice practicable under the circumstances and that it constitutes due and sufficient notice to all persons entitled thereto and complies fully with the requirements of the Federal Rules of Civil Procedure and of Due Process. The Parties, by agreement, may revise the Notices, and other exhibits to the Settlement Agreement in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy.

9. Pursuant to Paragraph 4.2 of the Settlement Agreement, Defendant is directed to provide Notice one (1) week after Preliminary Approval through an In-Game notification message. Beginning one (1) week after Preliminary Approval of the Settlement, Defendant is directed to provide Internet Publication Notice on a website established, administered, and maintained by Defendant. This website must inform Class Members of their rights and obligations under this Settlement Agreement.

**Exclusion**

10. Settlement Class Members who wish to exclude themselves from the Settlement Class may do so if, within forty-five (45) days after Defendant distributes the In-Game Notice, they comply with the exclusion procedures set forth in the Settlement Agreement and Class Notice. Any Settlement Class Member so excluded shall neither be bound by the terms of the Settlement Agreement nor entitled to any of its benefits.

11. Any Settlement Class Members who elect to exclude themselves or "opt out" of the Settlement Agreement must file a written request (hereinafter

"Request to Opt Out") with Class Counsel and Defendant's Counsel, received or postmarked no later than 45 days after the Notice Date. Defendant and Class Counsel will record the date of receipt of the Request to Opt Out and forward electronically all Requests to Opt Out to both Defendant's Counsel and Class Counsel on a weekly basis following receipt. Defendant's Counsel and Class Counsel shall retain copies of all written Requests to Opt Out until such time as it has completed its duties and responsibilities under this Agreement. The Request to Opt Out must be signed by the Settlement Class Member, must include the Settlement Class Member's name, address, and telephone number, and must clearly state that the person wishes to be excluded from the Action and the Settlement Agreement. No Request to Opt Out will be valid unless the request is sent timely and in substantial compliance with the requirements of this paragraph.

12. Settlement Class Members who opt out of the Settlement Agreement will relinquish their rights to benefits under the Settlement Agreement and will not release their claims. However, Settlement Class Members who fail to submit a valid and timely Request to Opt Out on or before the date specified herein shall be bound by all terms of the Settlement Agreement and the Final Judgment and Order regardless of whether they have requested exclusion from the Settlement Agreement.

13. Any Settlement Class Member who submits a timely Request to Opt Out may not file an Objection to the Settlement Agreement and shall be deemed to have waived any rights or benefits under the Settlement Agreement.

14. Settlement Class Members shall be permitted to withdraw or rescind their opt-out requests by submitting a statement to Defendant's Counsel and Class Counsel that includes their name, address, and telephone number, and that clearly states their intention to withdraw their previous Request to Opt Out of the Settlement Agreement and to now be included. Any such rescission of a prior opt-out request must be received by Defendant's

Counsel and Class Counsel no later than the deadline specified in paragraph 10 above. No request to rescind a prior opt-out request will be valid unless that request is sent timely and in substantial compliance with the provisions of this paragraph.

**Objections**

15. Any Settlement Class Member who intends to object to the fairness, reasonableness, or adequacy of the Settlement Agreement (hereinafter "Objections") or to a judgment being entered dismissing the Action with prejudice in accordance with the terms of the Settlement Agreement, or to the attorneys' fees and expense reimbursement sought by Class Counsel in the amounts specified in the Notice, or to the award to the Class Representative as set forth in the Class Notice, must sign and file a written Objection no later than 45 days after the Notice Date. Any Settlement Class Member who submits a timely Request to Opt Out may not file Objections to the Settlement and shall be deemed to have waived any rights or benefits under this Settlement Agreement.

16. Any Objections must be filed with the Court and sent to Michael Aschenbrener, Edelson McGuire LLC, 350 N. LaSalle St., Suite 1300, Chicago, Illinois 60654, one of Class Counsel, and also to Defendant's Counsel, Steven Kaufhold, Akin Gump Strauss Hauer & Feld LLP, 580 California Street, Suite 1500, San Francisco, CA 94104.

17. Settlement Class Members making Objections must set forth their full name, current address, and telephone number. Objecting Settlement Class Members must provide evidence of their membership in the Settlement Class, state in writing all Objections and the reasons therefor, provide copies of any documents relied upon for such Objections, and include a statement as to whether the Objector intends to appear at the Fairness Hearing and whether he or she is represented by separate legal counsel. Settlement Class Members who fail to file and serve timely written

objections in substantial compliance with the requirements of this paragraph shall be deemed to have waived any Objections and shall be foreclosed from making any Objections (whether by appeal or otherwise) to the Settlement Agreement or to any of the subjects listed in paragraph 22 below.

**Fairness Hearing**

18. The Fairness Hearing shall be held before this Court on November 18, 2010 at 2:00 P.M. at the United States Courthouse, **1301 Clay Street, Oakland, California 94612,** to determine (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of attorneys' fees and expenses to Class Counsel; and (d) whether to approve the payment of incentive awards to the Class Representative. The Court may adjourn the Fairness Hearing without further notice to members of the Settlement Class.

**Further Matters**

19. All further proceedings in the Action are ordered stayed until the Final Judgment and Order of Dismissal with Prejudice or termination of the Settlement Agreement, whichever occurs earlier, except for those matters necessary to obtain and/or effectuate final approval of the Settlement Agreement.

20. Settlement Class Members shall be bound by all determinations and judgments in the Action concerning the Action and/or Settlement Agreement, whether favorable or unfavorable.

21. If the Settlement Agreement is not approved by the Court in complete accordance with its terms, each party will have the option of having the Action revert to its status as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

In such event, the Parties will retain all rights as if the Settlement Agreement was never agreed upon.

22. In the event that the Settlement Agreement is terminated pursuant to the provisions of the Settlement Agreement, or for any reason whatsoever the approval of it does not become Final, then (i) the Settlement Agreement shall be null and void, including any provision related to the award of attorneys' fees, and shall have no further force and effect with respect to any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner or for any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) other than as expressly preserved by the Settlement Agreement in the event of its termination, the Settlement Agreement shall have no further force and effect with respect to any party and shall not be used in the Action or any other proceeding for any purpose; and (iv) any party may elect to move the Court pursuant to the provisions of this paragraph, and none of the non-moving Parties (or their counsel) shall oppose any such motion.

It is so ordered, this 30th day of July, 2010.

Enter:

____________________________
Honorable Claudia Wilken
United States District Court Judge