**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL TURNER, an individual, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>STORM8, LLC, a California limited liability company,<br><br>    Defendant. | Case No. 09-cv-05234-CW<br><br>**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |

**FINAL JUDGMENT AND ORDER OF**
**DISMISSAL WITH PREJUDICE**

WHEREAS, this action having been filed in this Court as a class action ("the Action");

WHEREAS, the Parties have entered into a settlement agreement, dated June 21, 2009 ("Settlement Agreement");

WHEREAS, Defendant denies that it has committed any wrongful acts or breached any duties as alleged in the Action, and the settlement of the Action does not constitute any such admission; and

WHEREAS, this matter having come before the Court for hearing, pursuant to this Court's Preliminary Approval Order, dated July 30, 2010, on the application of the Parties for approval of the settlement set forth in the Settlement Agreement, and due and adequate notice having been given to the Settlement Class defined below as required by the Preliminary Approval Order, and the Court having considered all papers filed and proceedings herein and otherwise being fully informed in the premises, and good cause appearing, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

---

Final Judgment and                                                                              Case No. 4:09-cv-05234-CW
Order of Dismissal with Prejudice

1.      Terms and phrases in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

2.      This Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all Settlement Class Members.

3.      This Court previously gave its preliminary approval to the Settlement Agreement.  (Dkt. 31.)  The Court hereby gives its final approval to the settlement set forth in the Settlement Agreement, finds that said Settlement Agreement is, in all respects, fair, reasonable and adequate to, and in the best interests of, the Settlement Class, and hereby directs that it shall be effectuated in accordance with its terms.  The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth, and shall have the full force of an Order of this Court.

4.      The notice of the settlement pursuant to the Preliminary Approval Order and Settlement Agreement, including the individual In-Game Notice to the members of the Settlement Class and Internet Publication Notice, was the best notice practicable under the circumstances.  Said notice provided valid, due and sufficient notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons entitled to such notice, and said notice fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and of Due Process.

5.      The Court finds that Defendant properly and timely notified the appropriate state and federal officials of the Settlement Agreement, pursuant to Section 1715 of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453, and 1711-1715.  The Court has reviewed Defendant's notices and accompanying materials, and finds that they complied with any applicable requirements of CAFA.

6.      The Settlement Class certified for settlement purposes was defined as "all persons in the United States who downloaded and accessed any version of any Storm8 game that was released or updated prior to August 30, 2009 on an Apple iPhone." (Dkt. 31, ¶ 4.)  "Excluded from the [Settlement] Class are Defendant, its legal representatives, assigns,

and successors, and any entity in which Defendant has a controlling interest.  Also excluded is the judge to whom this case is assigned and the judge's immediate family." (Dkt. 26-1, ¶ 1.28.)  Tadhg Breaslain, of Highlands Ranch, Colorado, who submitted a valid and timely request for exclusion pursuant to the Preliminary Approval Order and Settlement Agreement, is also excluded from the Settlement Class.

       7.      Pursuant to this Order, Defendant will adhere to and abide by the prospective relief provided in Section II(B)(1)-(3) of Plaintiff's Motion for Final Approval for a duration three (3) years from the Effective Date.

       8.      Subject to the terms and conditions of the Settlement Agreement, this Court hereby dismisses the Action on the merits and with prejudice.

       9.      Upon the Effective Date of this settlement, Class Representative Michael Turner and each and every Settlement Class Member who has not timely submitted a request to be excluded from the Settlement Class, shall be deemed to have fully, finally, and forever released, relinquished, and discharged the Released Party, Storm8, and any and all of its present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and Persons, firms, trusts, corporations, officers, directors, other individuals or entities in which Storm8 has a controlling interest or which is related to or affiliated with it, or any other representatives of any of these Persons and entities, from all Released Claims, meaning any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extra-contractual claims, damages, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and/or obligations, including Unknown Claims, whether in law or in equity, accrued or

unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States, against the Released Party, arising out of any facts, transactions, events, matters, occurrences, acts, disclosures, statements, misrepresentations, omissions or failures to act relating to the removal and storage of phone numbers belonging to the Settlement Class that were or could have been alleged or asserted in the Action relating to such removal and storage, belonging to Plaintiff and each of them and any of their present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, lenders, and any other representatives of any of these Persons and entities (including, without limitation, any claims, whether direct, derivative, representative or in any other capacity, arising under federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside of the United States) that relate in any way to any actual or alleged violation of law, misstatement or omission, breach of duty, negligence or fraud or any other actual or alleged wrongdoing or misconduct.

10. The Court approves the payment by Defendant of attorneys' fees and expenses, in the amount of $125,000. Such payment shall be sent by wire transfer in accordance with the provisions of Paragraphs 8.1 and 8.2 of the Settlement Agreement.

11. The Court approves the payment by Defendant of $ 2,500 to Class Representative Michael Turner, as an incentive award for taking on the risks of litigation and helping to achieve the results made available to the Settlement Class, in accordance with the provisions of Paragraph 8.3 of the Settlement Agreement. Such payment shall be made by check payable to Michael Turner and sent to Class Counsel, in accordance with the provisions of Paragraph 8.3 of the Settlement Agreement.

12. The Parties shall bear their own costs and attorneys' fees, except as otherwise provided in the Settlement Agreement and this Order.

13. This Court hereby directs the entry of this Final Judgment and Order of Dismissal with Prejudice based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Order, notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Settlement Agreement.

14. This Final Judgment and Order of Dismissal with Prejudice, the Settlement Agreement, the settlement that it reflects, and any and all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, or used as an admission by or against Defendant of any fault, wrongdoing, or liability on Defendant's part, or of the validity of any claim or of the existence or amount of damages.

15. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over, inter alia, (a) implementation, enforcement, and administration of the Settlement Agreement, including any releases in connection therewith; (b) resolution of any disputes concerning class membership or entitlement to benefits under the terms of the Settlement Agreement; and (c) all parties hereto, for the purpose of enforcing and administering the Settlement Agreement and the Action until each and every act agreed to be performed by the parties has been performed pursuant to the Settlement Agreement.

It is so ordered, this 19th day of November, 2010.

_____
Hon. Claudia Wilken
United States District Court Judge